Jennifer Limbo, Esq. (SBN 266667)
jcl@consumercounselgroup.com
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR J. GOLDSTEIN, individually and on behalf of all others similarly situated, | ) CASE NO.: ) ) |
| Plaintiff, | ) ) |
| v. | ) CLASS ACTION COMPLAINT FOR ) DAMAGES |
| HUNTER WARFIELD, INC. and DOES 1 through 10 inclusive, | ) ) ) |
| Defendants. | ) |

Plaintiff, by and through his attorney, Jennifer Limbo, Esq., as and for his complaint against the Defendant, HUNTER WARFIELD, INC., alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles, California.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Tampa, Florida.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by Plaintiff to one "435 DETROIT."

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8. That on or about October 2015, Defendant mailed its initial dunning notice dated October 11, 2015 to Plaintiff in an attempt to collect a debt. (A copy of said notice is attached hereto.)

9. That said notice states the following, in pertinent part:

    **"This debt has been reported or is scheduled to be reported to one or all of the following three national credit reporting bureaus: Equifax Credit Information Services LLC, TransUnion LLC and Experian Information Solutions Inc."**

10. That said notice uses misleading and overshadowing language, confusing the least sophisticated consumer as to their consumer rights.

11. That Defendant's use of deceptive language contains false and/or misleading statements and threats of action that cannot legally be taken or that are not actually intended to be taken.

12. That on or about November 2015, Plaintiff spoke with Defendant to inquire about the adverse credit reporting referenced in the October 11th dunning notice.

13. That in response, Defendant's agent informed Plaintiff that the only way to prevent credit reporting was to **"make the payment TODAY."** (emphasis added)

14. That when Plaintiff asked Defendant's agent about other options, Defendant's agent told Plaintiff that there were "problems" with his account.

15. That Defendant's communications are false and/or misleading to the least sophisticated consumer.

16. That Defendant uses false, deceptive, and misleading representations to collect the alleged debt.

17. That Defendant uses misleading and overshadowing language in an attempt to collect the alleged debt and contradicts the Plaintiff's rights.

18. That Defendant's use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

19. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

20. That as a result of Defendant's conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

21. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (e) and (g) in that the representations made by the Defendant are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

   a. Defendant has violated 1692e by employing deceptive means in an attempt to collect a debt;

b. Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting the Plaintiff's rights and by failing to provide a proper validation notice as required by the FDCPA.

22. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

23. Plaintiff realleges paragraphs 1 through 22 as if fully restated herein.

24. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

25. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   a. Defendant has violated § 1788.13(f) for the false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency;

   b. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

26. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

27. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

28. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## CLASS ALLEGATIONS

29. Plaintiff realleges paragraphs 1 through 28 as if fully restated herein.

30. The first cause of action is brought on behalf of Plaintiff and the members of a class.

31. The Class consists of all persons whom Defendant's records reflect resided in the state of California and who were sent collection letters (a) bearing the Defendant's letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (b) the collection letters were sent to consumers seeking payment of a consumer debt; (c) that the letters contained violations of 15 U.S.C. §§ 1692e and 1692g.

32. The class consists of consumers who received the same form letters, as did the Plaintiff.

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the collection letters that are at the heart of this litigation are mass-mailed and computer-generated form letters automatically generated, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection letters, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    i. Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

    (d)    For such other and further relief as may be just and proper.

    (e)    Plaintiff requests trial by jury on all issues so triable.

Dated: December 2, 2015                      JENNIFER LIMBO, ESQ.

                                               /S/ Jennifer C. Limbo
                                          Jennifer C. Limbo, Esq.
                                          Attorney for Plaintiff